UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
:
ANTHONY T. STALEY,                                                 :
                                                                   :
                              Plaintiff,                           :
                                                                   :      23 Civ. 3546 (JPC)
           -v-                                                     :
                                                                   :      ORDER OF SERVICE
                                                                   :
HELEN SMART *et al.*,                                              :
                                                                   :
                              Defendant.                           :
                                                                   :
-------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff brings this *pro se* action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117; the Rehabilitation Act of 1973, 29 U.S.C. §§ 701-796; the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; and 42 U.S.C. § 1981.  The Complaint must also be liberally construed as asserting claims under the New York State Human Rights Law, N.Y. Exec. Law §§ 290-297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131.  By Order dated April 28, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.

I. Discussion

A.   **New York City Transit Authority**

Plaintiff invokes federal statues prohibiting employment discrimination and identifies the New York City Transit Authority as his former employer.  Plaintiff filed his discrimination charge with the Equal Employment Opportunity Commission against the New York City Transit Authority. Dkt. 1 at 8.  The Court therefore directs the Clerk of Court, under Rule 21 of the Federal

Rules of Civil Procedure, to add the New York City Transit Authority on the docket as a Defendant in this action. *See, e.g.*, *Anwar v. Fairfield Greenwich, Ltd.*, 118 F. Supp. 3d 591, 618-19 (S.D.N.Y. 2015) (Rule 21 "afford[s] courts discretion to shape litigation in the interests of efficiency and justice."). This amendment is without prejudice to any defenses that the New York City Transit Authority may wish to make.

**B.     Service on Named Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants New York City Transit Authority, Helen Smart, Felicia Blakes, Jermaine Jackson, and "Ms. Collington" through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the Complaint is not served within ninety days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is a plaintiff's responsibility to request an extension of time for

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within ninety days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until ninety days after the date summonses are issued.

2

service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**C.     New York Legal Assistance Group Clinic**

Plaintiff may wish to contact the New York Legal Assistance Group ("NYLAG"), an organization that provides free legal advice to self-represented parties in this district. A flyer from NYLAG is attached to this Order.

## II. Conclusion

The Clerk of Court is directed to add the New York City Transit Authority as a Defendant. *See* Fed. R. Civ. P. 21. The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for Defendants New York City Transit Authority, Helen Smart, Felicia Blakes, Jermaine Jackson, and "Ms. Collington," and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: April 28, 2023
       New York, New York                                   _____
                                                            JOHN P. CRONAN
                                                            United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. New York City Transit Authority
   130 Livingston Street
   Brooklyn, New York 11201

2. Helen Smart
   New York City Transit Authority
   130 Livingston Street
   Brooklyn, New York 11201

3. Felicia Blakes
   New York City Transit Authority
   130 Livingston Street
   Brooklyn, New York 11201

4. Jermaine Jackson
   New York City Transit Authority
   130 Livingston Street
   Brooklyn, New York 11201

5. Ms. Collington
   New York City Transit Authority
   130 Livingston Street
   Brooklyn, New York 11201



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal District Court for the Southern District Of New York

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic does not provide full representation. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

## To Contact the Clinic:

Call (212) 659-6190 or complete our online intake form (found here: https://tinyurl.com/NYLAG-ProSe-OI). A staff member will contact you within a few business days.

Those looking for assistance can also contact the clinic at the kiosk located across the hall from the pro se clinic office in the courthouse.

**At this time, the clinic offers remote consultations only. Requests for in-person appointments will be reviewed on a case-to-case basis.**

## Location and Hours:

Thurgood Marshall United States Courthouse

    Room LL22
    40 Foley Square
    New York, NY 10007
    (212) 659 6190

    Open weekdays
    10 a.m. – 4 p.m.
    Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.

