UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY T. STALEY

                Plaintiff,

v.

HELLEN SMART, ET AL.,

                Defendants.

23 Civ. 3546 (DEH)

**OPINION AND ORDER**

DALE E. HO, United States District Judge:

On July 30, 2024, United States Magistrate Judge Valerie Figueredo issued a Report and Recommendation ("Report") in the above-captioned matter.[1] The Report recommended that Plaintiff's Complaint be dismissed, but that Plaintiff also be given an opportunity to seek permission from the Court to file an amended complaint.[2] On August 14, 2024, this Court adopted Magistrate Judge Figueredo's Report in full.[3] Plaintiff Anthony Staley ("Mr. Staley") now moves for reconsideration of this Court's decision to adopt the Report.[4] For the reasons explained below, Plaintiff's motion is **DENIED**, although Plaintiff may seek this Court's permission to file an amended complaint.

---

[1] ECF No. 56.

[2] *See id.* at 32.

[3] ECF No. 57.

[4] *See* ECF No. 61. The Court construed this document as Plaintiff's motion for reconsideration.

**LEGAL STANDARDS**

A person seeking reconsideration of a decision this Court makes must follow Local Rule 6.3.[5] Local Rule 6.3 requires a person moving for reconsideration to file "a memorandum, no longer than 10 pages in length, setting forth concisely the matters or controlling decisions which [he] believes the court has overlooked."[6] This rule exists, in part, because "[a] motion for reconsideration is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."[7] In other words, reconsideration is for situations where the court missed something when it rendered its initial decision. Reconsideration is an "extraordinary remedy to be employed sparingly."[8] Generally, reconsideration is appropriate in situations where the law has changed, or where there is new evidence available, or where there's a "need to correct a clear error or prevent manifest injustice."[9] A motion for reconsideration will only be granted when there is something that "might reasonably be expected to alter the conclusion reached by the court."[10]

**DISCUSSION**

Mr. Staley asks this Court to reconsider its decision to adopt Magistrate Judge Figueredo's Report. After reviewing Mr. Staley's filings, the Court concludes that Mr. Staley hasn't met the legal requirements necessary for the Court to grant his request. In his papers, Mr. Staley simply

---

[5] Local Rules of the United States District Court for the Southern and Eastern Districts of New York 6.3 (available at https://www.nysd.uscourts.gov/sites/default/files/local_rules/2024-07-01%20Joint%20Local%20Rules.pdf).

[6] *Id.*

[7] Diakite v. USCIS, No. 23 CV 725, 2024 WL 2884047, at *1 (S.D.N.Y. May 14, 2024).

[8] Lawrence v. N.Y.C. Med. Prac., P.C., No. 18 CV 8649, 2024 WL 4335941, at *1 (S.D.N.Y. Sept. 27, 2024).

[9] Robinson v. Disney Online, 152 F. Supp. 3d 176, 185 (S.D.N.Y. 2015).

[10] Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

repeats the factual allegations he stated in his Complaint[11] and Memorandum of Law in Opposition to Defendants' Motion to Dismiss.[12] But he doesn't identify any laws or controlling precedent this Court overlooked when it adopted the Report. Nor does he identify a fact this Court did not consider when it adopted the Report. And Mr. Staley doesn't provide any new information that would require the Court to reconsider its decision. Essentially, Mr. Staley hasn't given this Court any reason to reconsider its decision to adopt the Magistrate Judge's Report. For those reasons, his motion for reconsideration is denied.

However, Mr. Staley is reminded that this Court has adopted Magistrate Judge Figueredo's Report in full, including the recommendation that he be afforded leave to amend his Complaint. That is, if Mr. Staley believes that he can address the deficiencies in his original Complaint that were identified in Magistrate Judge Figueredo's Report, he may file a letter motion with the Court asking for "leave" (that is, permission) to file an "Amended Complaint," along with the proposed Amended Complaint attached as an exhibit. Any such letter shall explain how the Amended Complaint differs from the original one and how these differences address the issues identified in Magistrate Judge Figueredo's Report.

---

[11] ECF No. 1.

[12] ECF No. 40.

## CONCLUSION

For the reasons explained above, Mr. Staley's motion for reconsideration is **DENIED**. If Mr. Staley would like to file an Amended Complaint, he shall file a letter motion seeking leave to do so, attaching the proposed Amended Complaint as an exhibit, no later than **December 9, 2024**.

SO ORDERED.

Dated: October 11, 2024
       New York, New York

                                                          _____
                                                                    DALE E. HO
                                                          United States District Judge