UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY STALEY,<br><br>       Plaintiff,<br><br>   v.<br><br>HELEN SMART ET AL.,<br><br>       Defendants. | 23-CV-3546 (DEH)<br><br>ORDER |

DALE E. HO, United States District Judge:

  The parties' familiarity with the procedural background of this case is presumed. As relevant to this Order:

- On April 27, 2023, Plaintiff proceeding *pro se* filed a Complaint against the New York City Transit Authority alleging various employment discrimination claims. ECF No. 1.

- On September 19, 2023, Defendants filed a motion to dismiss the Complaint. ECF No. 29.

- On July 30, 2024, United States Magistrate Judge Valerie Figueredo issued a Report and Recommendation recommending that Defendants' Motion to Dismiss be granted. ECF No. 56. Judge Figueredo explained the reasoning for her recommendation in great detail and identified the deficiencies in Plaintiff's Complaint. She recommended that Plaintiff be allowed to replead some of his claims in an amended complaint. *Id.* at 32.

- On August 14, 2024, this Court adopted Judge Figueredo's Report in full, including its recommendation that Plaintiff be allowed to replead some of his claims. ECF No. 57.

- On September 11, 2024, Plaintiff filed what this Court construed as a motion for reconsideration of the Court's August 14 Order. ECF No. 61. After full briefing (that is, after each party had an opportunity to respond), this Court denied Plaintiff's Motion for

Reconsideration on October 11, 2024. ECF No. 65. In its denial, the Court explicitly stated the following:

> "Mr. Staley is reminded that this Court has adopted Magistrate Judge Figueredo's Report in full, including the recommendation that he be afforded leave to amend his Complaint. That is, if Mr. Staley believes that he can address the deficiencies in his original Complaint that were identified in Magistrate Judge Figueredo's Report, <u>he may file a letter motion with the Court asking for "leave" (that is, permission) to file an "Amended Complaint," along with the proposed Amended Complaint attached as an exhibit. Any such letter shall explain how the Amended Complaint differs from the original one and how these differences address the issues identified in Magistrate Judge Figueredo's Report.</u>"

*Id.* at 3 (emphasis added). The Court set a deadline of December 9, 2024, for Plaintiff to file his letter motion seeking permission to file his Amended Complaint. *Id.* at 4.

- On December 9, 2024, Plaintiff filed a (proposed) Amended Complaint. ECF No. 69. Plaintiff did not, however, follow the Court's instructions to file an accompanying letter seeking permission to file his Amended Complaint.

- On December 16, 2024, this Court issued an Order directing Plaintiff to file his letter seeking leave to file his Amended Complaint by January 13, 2025. ECF No. 71. In that Order, the Court stated that Plaintiff's letter "<u>must</u> include an explanation as to how the proposed Amended Complaint differs from the original Complaint and how these differences address the issues identified in Magistrate Judge Figueredo's Report." *Id.* at 2.

- On January 2, 2025, Plaintiff sent an e-mail to the Court "respectfully ask[ing] the Court for clarity on the deficiencies in [his] complaint." ECF No. 72. Mr. Staley also asked "if [he] complete[d] the amended complaint before the 13th and there's any errors [would he] get the chance to correct them before the deadline." *Id.*

- On January 8, 2025, this Court responded to Plaintiff's e-mail with an Order on the docket directing Plaintiff to review Judge Figueredo's Report and Recommendation, which listed the deficiencies in his original Complaint. *Id.* The Court also stated the following:

2

> "Plaintiff is reminded that he must file a letter by January 13, 2025, explaining how his Proposed Amended Complaint, filed on December 16, 2024 (ECF No. 69), differs from his original Complaint and how these differences address the deficiencies identified in Judge Figueredo's Report. Plaintiff shall not edit or otherwise "correct" his Proposed Amended Complaint." *Id.*

At this point, and as explained above, this Court has repeatedly told Plaintiff that he must file a letter that identifies how his Proposed Amended Complaint fixes the issues in his original Complaint. But instead of submitting a letter on January 13 as directed by the Court, Plaintiff submitted yet another (proposed) Amended Complaint. ECF No. 73.

As a <u>final</u> courtesy, the Court sua sponte extends Plaintiff's deadline to file his letter motion seeking leave to file his Amended Complaint. By **February 14, 2025**, Plaintiff must file a letter motion seeking permission to file his Amended Complaint. Plaintiff should not file any more amended complaints. Instead, Plaintiff should file a <u>letter</u> explaining two things: (1) how the Amended Complaint he filed on December 9, 2024, is different from the Complaint he originally filed on April 27, 2023, and (2) how his Amended Complaint fixes the issues that Judge Figueredo identified in her Report and Recommendation. The letter should not be longer than five pages.

Plaintiff is warned that, if he fails to comply with this Court's orders, he may be sanctioned. One sanction at this Court's disposal is dismissal of his case for failure to prosecute.

SO ORDERED.

Dated: January 22, 2025
New York, New York

DALE E. HO
United States District Judge