UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY STALEY, | |
|                 Plaintiff, | 23-CV-3546 (DEH) |
| v. | ORDER |
| HELEN SMART ET AL., | |
|                 Defendants. | |

DALE E. HO, United States District Judge:

The parties' familiarity with the procedural background of this case is presumed.[1] In sum, on April 27, 2023, Plaintiff proceeding *pro se* filed a Complaint alleging various employment discrimination claims against, among others, the New York City Transit Authority.[2] Defendants later moved to dismiss the Complaint.[3] After full briefing, Magistrate Judge Figueredo issued a Report and Recommendation recommending that Defendants' Motion to Dismiss be granted and that Plaintiff be allowed to replead some of his claims in an amended complaint.[4] This Court adopted Judge Figueredo's Report in full, including its recommendation that Plaintiff be allowed to replead some of his claims.[5] Plaintiff then moved for reconsideration.[6] In an order denying Plaintiff's Motion for Reconsideration, this Court stated, among other things, that "If Mr. Staley

---

[1] The Court's Order dated January 22, 2025, presents this case's procedural background in detail. *See* Order, ECF No. 74.

[2] *See* Complaint, ECF No. 1.

[3] *See* Motion to Dismiss, ECF No. 29.

[4] *See* Report and Recommendation, ECF No. 56.

[5] *See* Order, ECF No. 57.

[6] *See* ECF No. 61. This document is styled as a Declaration "In Opposition to Defendants Motion for Dismissal." The Court construed this as a motion for reconsideration.

1

would like to file an Amended Complaint, he shall file a letter motion seeking leave to do so, attaching the proposed Amended Complaint as an exhibit, no later than December 9, 2024."[7]

Plaintiff filed his proposed Amended Complaint on December 9.[8] But he did not file an accompanying letter motion seeking leave to file the Amended Complaint, which was required per the Court's prior instructions.

This Court subsequently issued several Orders directing Plaintiff to file the missing letter motion. On December 16, 2024, the Court issued an Order extending Plaintiff's deadline to file the missing letter motion to January 13, 2025.[9] That Order stated, in relevant part, that:

> On December 9, 2024, Plaintiff filed a (proposed) Amended Complaint. ECF No. 69. Plaintiff did not, however, follow the Court's instruction to file an accompanying letter seeking leave to file this Amended Complaint. It is hereby ORDERED that Plaintiff shall file such a letter, not to exceed five (5) pages, by January 13, 2025. The Court will construe that letter as Plaintiff seeking leave to have his Amended Complaint filed. The letter must include an explanation as to how the proposed Amended Complaint differs from the original Complaint and how these differences address the issues identified in Magistrate Judge Figueredo's Report.[10]

Then, on January 2, 2025, the Court received an email from Plaintiff seeking "clarity on the deficiencies in [his] complaint" and asking "if [he] complete[d] the amended complaint before the 13th and there's any errors [would he] get the chance to correct them before the deadline."[11] The Court responded to this email by stating, in relevant part, that:

---

[7] Opinion and Order, ECF No. 65.

[8] *See* Proposed Amended Complaint, ECF No. 69.

[9] *See* Order, ECF No. 71.

[10] *Id.* at 2.

[11] E-Mail from Anthony T. Staley, Plaintiff proceeding *pro se*, to Chambers of Ho. Dale E. Ho (Jan. 2, 2025, 3:50 P.M.) (docketed as endorsed at ECF No. 72).

> Plaintiff is directed to review United States Magistrate Judge Figueredo's Report and Recommendation dated July 30, 2024 (ECF No. 56), which identifies the deficiencies in his original Complaint. Plaintiff is reminded that he must file a letter by January 13, 2025, explaining how his Proposed Amended Complaint, filed on December 16, 2024 (ECF No. 69), differs from his original Complaint and how these differences address the deficiencies identified in Judge Figueredo's Report. Plaintiff shall not edit or otherwise "correct" his Proposed Amended Complaint.[12]

On January 13, 2025, instead of filing a letter identifying how his proposed Amended Complaint fixes the issues in his original Complaint, Plaintiff submitted yet another (proposed) Amended Complaint.[13] In response, this Court issued an Order on January 22, 2025, that extended Plaintiff's deadline to file his letter motion to February 14, 2025.[14] The Order stated, in relevant part, that:

> Plaintiff should not file any more amended complaints. Instead, Plaintiff should file a <u>letter</u> explaining two things: (1) how the Amended Complaint he filed on December 9, 2024, is different from the Complaint he originally filed on April 27, 2023, and (2) how his Amended Complaint fixes the issues that Judge Figueredo identified in her Report and Recommendation. The letter should not be longer than five pages.[15]

The Court ended the Order by stating, "Plaintiff is warned that, if he fails to comply with this Court's orders, he may be sanctioned. One sanction at this Court's disposal is dismissal of his case for failure to prosecute."[16]

It is now April 8, 2025, and Plaintiff has not submitted a letter motion seeking leave to file his Amended Complaint. Federal Rule of Civil Procedure 15 states that "a party may amend its

---

[12] Order, ECF No. 72.

[13] *See* Proposed Amended Complaint, ECF No. 74.

[14] *See* Order, ECF No. 74.

[15] *Id.* at 3.

[16] *Id.*

pleading only with . . . the court's leave."[17] And while that same Rule notes that "[t]he court should feely give leave when justice so requires,"[18] it does not require a court to grant leave to amend a complaint when the plaintiff simply files his proposed amended complaint without anything else.[19] Additionally, it is well settled in the Second Circuit that "leave may be denied 'for good reason, including . . . undue delay.'"[20]

In this case, Plaintiff never filed a letter motion seeking leave to file his proposed Amended Complaint (and explaining how the Amended Complaint both differs from the original Complaint and addresses the issues in Judge Figueredo's Report). As explained above, the Court asked for this letter multiple times, explained what information needed to be included in the letter, and extended Plaintiff's deadline to file the letter twice. It is now four months after Plaintiff's original deadline to file his letter motion seeking leave (December 9), and it is nearly two months after his extended deadline to file that letter (February 14). And Plaintiff has not filed anything since January 13—no letter seeking leave to file his Amended Complaint and no letter explaining his delay in seeking leave.

Because Plaintiff never sought leave to file his Amended Complaint, this Court cannot consider the proposed Amended Complaints currently on the docket. There is no operative Amended Complaint, and because the claims in the original Complaint have already been dismissed, there are no pending claims in this case. Therefore, this case is DISMISSED WITH

---

[17] Fed. R. Civ. P. 15(a)(2).

[18] *Id.*

[19] *Cf.* Ko v. JP Morgan Chase Bank, N.A., 730 Fed. Appx. 62, 65 (2d Cir. 2018) (summary order) (holding district court did not abuse its discretion by declining to treat plaintiff's "unauthorized amended complaint as a motion seeking leave to amend").

[20] *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)).

PREJUDICE for failure to prosecute. The Clerk of Court is respectfully directed to terminate this case and mail a copy of this Order to the Plaintiff proceeding *pro se.*

SO ORDERED.

Dated: April 8, 2025
      New York, New York

_____
DALE E. HO
United States District Judge

5