UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Staley, | |
|                 Plaintiff, | 23-CV-3546 (DEH) |
|      v. | MEMORANDUM ORDER |
| Smart et al., | |
|                 Defendants. | |

DALE E. HO, United States District Judge:

    Currently before the Court is Plaintiff Anthony T. Staley's Motion for Reconsideration of this Court's Order dated April 10, 2025 denying his motion to vacate.[1] Plaintiff brings his motion under Federal Rule of Civil Procedure 60(b).[2] He argues that this Court erred by denying his motion to vacate for multiple reasons, namely because:

1. "The Court incorrectly found that Plaintiff failed to timely submit paperwork";

2. "The Court did not account for [Plaintiff's] serious medical issues or the additional burden they place on Plaintiff's ability to litigate and respond to court orders";

3. "The Court did not address the consequences of [Plaintiff's] loss [of pro bono legal counsel], which severely impaired Plaintiff's ability to meet complex legal burdens and timelines"; and

4. The Court did "not acknowledge[] or address[]" the "detailed allegations of retaliation, obstruction, and life-threatening actions" Plaintiff presented in his motion to vacate.[3]

---

[1] ECF No. 76.

[2] All subsequent references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

[3] Motion for Reconsideration at 1-2, ECF No. 77.

"Motions for reconsideration are governed by Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b). A court will grant reconsideration when a movant demonstrates 'an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.'"[4] Here, Plaintiff does not argue that there has been an intervening change of controlling law or that there is newly available evidence (that is, evidence that was not available when the Court denied his motion to vacate). Therefore, the only reason why this Court could grant Plaintiff's Motion is "to correct clear error or prevent manifest injustice."

Based on Plaintiff's submissions, there is no clear error for this Court to correct, nor is there any manifest injustice to prevent. To the extent Plaintiff continues to argue this Court erred in finding that "Plaintiff failed to timely submit paperwork," Plaintiff is simply incorrect. Plaintiff is referred to the Court's Order dated January 22, 2025[5] and April 8, 2025,[6] both of which chronicle Plaintiff's repeated failure to adhere to court-imposed deadlines. Plaintiff provides no evidence—beyond his own assertions—that he complied with deadlines. Such assertions, standing alone, do not constitute evidence of an error on this Court's part.

Plaintiff does not argue that his Motion should be granted to "prevent manifest injustice." Had he made such an argument, it would also fail. "[M]anifest injustice is defined as an error committed by the trial court that is direct, obvious, and observable."[7] "The strict standard provides

---

[4] *Columbo v. Philips Bryant Park LLC*, No. 22 Civ. 775, 2025 WL 1043685, at * 1 (S.D.N.Y. Apr. 8, 2025).

[5] ECF No. 74.

[6] ECF No. 75.

[7] *S.E.C. v. Stewart*, No 98 Civ. 2636, 2024 WL 382370, at *5 (S.D.N.Y. Feb. 1, 2024).

relief only in the proverbial rare case and requires the proponent to meet a high burden."[8] Plaintiff has not met that burden here. While the Court is sympathetic to Plaintiff's health issues and other personal challenges, they do not provide a basis for granting him relief on this Motion.

As explained in this Court's prior Orders, Plaintiff was given several opportunities to file an amended complaint and related papers, in order to have his case considered on the merits. The Court extended Plaintiff's deadline several times—once even without Plaintiff requesting that it do so—so that Plaintiff would have an opportunity to argue his case. Plaintiff failed to comply with this Court's deadlines. It is now too late for Plaintiff to explain why he did not meet these deadlines. It is also too late for Plaintiff to make new substantive allegations against the Defendants in this case. This case is closed. And for the reasons stated above, Plaintiff's Motion for Reconsideration is **DENIED**. The Clerk of Court is respectfully directed to terminate ECF No. 77. The Clerk of Court is also respectfully directed to mail a copy of this Order to Plaintiff proceeding *pro se*.

SO ORDERED.

Dated: April 21, 2025
   New York, New York

                                          DALE E. HO
                                 United States District Judge

---

[8] *Id.*