**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

ANTHONY T. STALEY

                        Plaintiff,                        **23-CV-3546 (JPC) (VF)**

           -against-                                    **ORDER**

HELEN SMART, et al,

                        Defendants.

-------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

On April 21, 2025, the Court entered a final order, denying Plaintiff's motion for reconsideration and closing this case. ECF No. 79. On May 5, 2025, Plaintiff filed a notice of appeal to the U.S. Court of Appeals for the Second Circuit. ECF No. 80. On May 27, 2025, Plaintiff filed a motion for an indicative ruling under Rule 62.1 on a motion for relief from judgment under Rule 60(b). ECF No. 84. For the reasons discussed below, Plaintiff's motion is DENIED.

"Federal Rule of Civil Procedure 62.1 grants district courts the authority to issue indicative rulings on pending motions that implicate issues under appeal." Marquez v. Silver, No. 18-CV-07315 (ALC), 2024 WL 1056285, at *1 (S.D.N.Y. Mar. 4, 2024), appeal dismissed, 2024 WL 5010804 (2d Cir. June 12, 2024). Under Rule 62.1(a), a district court may defer consideration of or deny the motion, or it may indicate that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue. Fed. R. Civ. P. 62.1(a); see also ExxonMobil Oil Corp. v. TIG Ins. Co., 44 F.4th 163, 171 n.3 (2d Cir. 2022) (same).

Plaintiff seeks relief under Rule 60(b). ECF No. 84. Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). Plaintiff alleges that he has "[n]ew evidence and constitutional violations," "[o]ngoing retaliatory harm tied to unresolved factual issues," and "[s]ubstantial issues regarding equal protection, whistleblower retaliation, and judicial fairness." ECF No. 84 at 3. Plaintiff does not, however, provide any factual support for these allegations, which is a requirement under Rule 60. See S.E.C. v. Breed, No. 01-CV-7798 (CSH), 2004 WL 1824358, at *12 (S.D.N.Y. Aug. 13, 2004) (noting that in a Rule 60(b) motion, the movant is "obligated to assert *facts* rather than conclusory statements") (emphasis in original). Thus, even under the more lenient standard for reviewing pro se pleadings, Plaintiff has failed to demonstrate that any of the grounds listed in Rule 60(b) apply to his case. See Kilpatrick v. Henkin, No. 17-CV-5111 (CM), 2018 WL 1684410, at *2 (S.D.N.Y. Jan. 5, 2018) (dismissing pro se plaintiff's motion for an indicative ruling where plaintiff failed to show relief was warranted under Rule 60(b)).

The Clerk of Court is respectfully directed to terminate the gavel at ECF No. 84.

**SO ORDERED.**

DATED:     New York, New York
           June 5, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge

2